Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that the facts certified to have been proved at the trial, do not make out a valid title, by gift, to the slaves claimed, according to the true intent and meaning of the 51st section of the act concerning slaves, free negroes and mulattoes, 1 Rev. Code 432. It is certified, that the donor made an absolute gift of the slaves to the wife of the defendant in error, in the presence of the said defendant ¡ and that the defendant in error and his wife, at that time, resided in the house of the donor; and continued to reside there for some time thereafter; but that the slaves remained at the same place. There is no fact certified as having been proved, shewing any distinct act of ownership over said slaves by the defendant in error, prior to the execution of the deed of gift by the donor; and the actual possession held by the said defendant in error, thereafter, was consistent with the terms of said deed. As no title to personal property passes by gift without delivery, the fact certified as having been proved, that an absolute gift was made, would, as respects personal property other than slaves, imply the proof of such delivery as constituted a valid gift. But in regard to slaves, unless the gift is made by deed or will duly proved and recorded, the statute requires that in addition to the gift, the slaves should have come into the actual possession *4 of, and remained with the donee or some person claiming wÉ|r such donee, to make out a valid title. Such actua^Rsession in the donee or some person claiming under such donee, is an essential element of title to siaves claimed in virtue of a gift not made by deed or will as aforesaid; and cannot be inferred from the proof of an absolute gift originally, and nothing more.
The Court is further of opinion, that the finding of the jury in favour of the title claimed under such gift, does not raise the presumption, that there may have been evidence before the jury, of the fact essential to the validity of the title so claimed, in the face of the certificate which purports to set out all the facts proved. Otherwise the appellate Court would be bound to presume in all cases, that there was evidence before the jury to justify the verdict.
It is therefore considered that there was error in overruling the motion for a new trial.
Judgment reversed with costs; verdict set aside, and new trial awarded.